UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAZELL HAYES AND | ) | |
| MELVIN SHORT | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | DEMAND |
| | ) | FOR |
| CITY OF DETROIT, AND | ) | JURY TRIAL |
| POLICE OFFICER JOHN DOE NO. 1, | ) | |
| POLICE OFFICER JOHN DOE NO. 2, | ) | |
| POLICE OFFICER JOHN DOE NO. 3, | ) | |
| POLICE OFFICER JOHN DOE NO. 4, | ) | |
| POLICE OFFICER JOHN DOE NO. 5 | ) | |
| POLICE OFFICER JOHN DOE NO. 6 | ) | |
| Defendants. | ) | |

_____/

**COMPLAINT**

Plaintiffs Hazell Hayes ("Hayes") and Melvin Short ("Short"), by and through their attorney, Olson PLLC, state the following for their Complaint against Defendant City of Detroit ("Defendant City"), Defendant Police Officer John Doe No. 1 ("John Doe No. 1"), Police Officer John Doe No. 2 ("John Doe No. 2"), Police Officer John Doe No. 3 ("John Doe No. 3"), Police Officer John Doe No. 4 ("John Doe No. 4"), Police Officer John Doe No. 5 ("Howell") and John Doe No. 6 ("John Doe No. 6"):

1.     This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiffs' rights.

2.    Plaintiffs sue the Defendants John Doe No. 1, John Doe No. 2, John Doe No. 3, John Doe No. 4, John Doe No. 5 and John Doe No. 6 (the "Police Officer Defendants") in their individual capacities.

## JURISDICTION

3.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367(a) and § 1341.

## VENUE

4.    Venue is proper under 28 U.S.C. § 1391(b).

5.    At all times relevant herein, Plaintiffs resided in and were citizens of Detroit, Michigan.

6.    Defendant City is a political subdivision of the State of Michigan acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action.

7.    The "Police Officer Defendants" were at all relevant times police officers employed by Defendant City.

## COLOR OF STATE LAW

8.    At all times relevant herein, The Police Officer Defendants acted under color of state law.

9.    Particularly, the Police Officer Defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of

the State of Michigan, and its political subdivisions, including the City of Detroit.

## FACTUAL BACKGROUND

10.     On or about June 23, 2016, Plaintiffs owned a dog-named Penny.

11.     On or about June 23, 2016, Plaintiffs and their dog Penny resided at 18601 Moenart, Detroit, Michigan 48234.

12.     On or about June 23, 2016 at approximately 1:15 p.m., a team of six of Defendant City's police officers, including the Police Officer Defendants, arrived at the residence to execute a search warrant.

13.     Shortly after the Police Officer Defendants entered Plaintiffs' residence, a Police Officer Defendant shot and killed Plaintiffs' dog, Penny.

14.     Plaintiffs' dog, Penny, did not attack or threaten any Police Officer Defendant in any way.

15.     Plaintiffs' dog Penny did not pose any threat to any Police Officer Defendant or anyone else for that matter.

16.     Plaintiffs' dog, Penny, did not interfere with any police objective.

17.     It was objectively unreasonable for the Police Officer Defendants to shoot and kill Plaintiffs' dog.

18.     The Police Officer Defendants acted in concert and took no action to stop the Constitutional violations alleged here.

19.     Plaintiffs' dog, Penny, did not bark at the police officers in Plaintiffs' home.

20.      Approximately seven seconds after the police officers entered Plaintiffs' home, a Police Officer Defendant shot and killed Plaintiffs' dog, Penny.

21.     The Police Officer Defendants subsequently gathered on Plaintiffs' lawn.

22.     A City of Detroit employee asked one of the Defendant Police Officers, "y'all over here shooting dogs now?"

23.     One of the Police Officer Defendants respond, "nah, it committed suicide" and laughed.

24.     A Police Officer Defendant said, "I shot that mother fucker."

25.     A Police Officer Defendant said, "I don't take no chances with dogs."

26.     Plaintiffs' dog, Penny, was well known in the community.

27.     Plaintiffs' dog, Penny, was not vicious.

28.     Plaintiffs' dog, Penny, was pregnant at the time that one of the Police Officer Defendants shot and killed Penny.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND FOURTH AMENDMENT**
**AGAINST THE INDIVIDUAL DEFENDANTS**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

29.     Plaintiffs re-allege all of the preceding paragraphs.

30.     The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, prohibits the government from unreasonably destroying or seizing a citizen's property.

31.     "The destruction of property by state officials poses as much of a threat, if not more, to people's right to be 'secure . . . in their effects' as does the physical taking of them." *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994), overruled on other grounds, *Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th Cir. 2002) (citation omitted).

32.     "The killing of [a] dog is a destruction recognized as a seizure under the Fourth Amendment" and can constitute a cognizable claim under § 1983. *Id.*

33.     Dogs are more than just a personal effect. *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 975 (9th Cir. 2005) (holding that defendant police's shooting of plaintiff's dogs was an unreasonable seizure in particular where defendant police officers had

5

notice of the dog's presence and were not surprised by them and had no plan to deal with the dog other than by shooting it).

34.     The emotional attachment to a family's dog is not comparable to a possessory interest in furniture. *Id*.

35.     Indeed, Plaintiffs' Fourth Amendment interests involved are substantial because "the bond between a dog owner and his pet can be strong and enduring," and Plaintiffs think of their dog "in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point, N.C.*, 330 F.3d 194, 205 (4th Cir. 2003).

36.     In circumstances where, as here, the dog does not pose an imminent threat, or the officer is not surprised by the dog and has had time to make alternate plans to control the dog, other than shooting, the shooting of the dog has been found to be an unreasonable seizure. *Dziekan v. Gaynor*, 376 F. Supp. 2d 267, 270-71 (D. Conn. 2005). (citing cases and discussing *San Jose Charter of the Hells Angels Motorcycle Club*, 402 F.3d at 975).

37.     Defendants'    acts    described    herein    were    objectively unreasonable allowing for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a

particular situation." *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

38.     Indeed, the Police Officer Defendants' acts described herein were intentional, grossly negligent, amounted to reckless or callous indifference to Plaintiffs' constitutional rights.

39.     The Police Officer Defendants' premeditated shooting and killing of Plaintiffs' dog was unreasonable under the totality of the circumstances and therefore constituted an unreasonable seizure under the Fourth Amendment in particular because there was no exigency and police officers could have conducted their business without killing Plaintiffs' dog.

40.     Defendants' premeditated shooting and killing of Plaintiffs' dog was more intrusive than necessary. *Florida v. Royer*, 460 U.S. 491, 504 (1983) ("A seizure becomes unlawful when it is 'more intrusive than necessary").

41.     No governmental interest justifies the severe governmental intrusion involved in this case.

42.     Defendants' shooting and killing of Plaintiffs' dog was objectively unreasonable because Plaintiff's dog did not surprise, threaten or attack any Police Officer Defendant.

43.     There was no exigency and the Police Officer Defendants were not in any immediate danger that would have justified the use of deadly force. *Fuller v. Vines*, 36 F.3d 65 (9th Cir. 1994).

## COMPENSATORY DAMAGES

44.     Under 42 U.S.C. § 1983, Plaintiffs are each entitled to an award of compensatory damages against each individual Defendant in their individual capacity.

45.     Compensatory damages include mental anguish and suffering. *Moreno v. Hughes*, 2016 U.S. Dist. LEXIS 5697 (E.D. Mich. Jan. 19, 2016).

## PUNITIVE DAMAGES

46.     The Police Officer Defendants' actions were:

    a.     Reckless;

    b.     Showed callous indifference toward the rights of Plaintiffs; and

    c.     Were taken in the face of a perceived risk that the actions would violate federal law.

47.     Plaintiffs are entitled to an award of punitive damages against each individual police officer in their individual capacity, in order to punish them and to deter others.

48.     Apparently, such deterrence is necessary in light of the fact that Detroit Police Officer Darrell Dawson unreasonably shot and killed Detroit citizen Darryl Lindsay's dog, Babycakes, which culminated in a November 18, 2015 settlement by the City of $100,000 that was apparently insufficient to deter Defendant police officers from shooting Plaintiffs' dog in violation of the Fourth Amendment.

49.     Numerous other lawsuits have been filed against the Defendants for the same unconstitutional acts involved in this case (i.e., Detroit Police unreasonably shooting dogs).

50.     On information and belief, Detroit police officers in the process of executing search warrants and other police activities routinely kill dogs in violation of and in reckless and callous indifference towards the Fourth Amendment rights of Detroit citizens that they have a duty to protect.

### ATTORNEY'S FEES

51.     Under 42 U.S.C. § 1988 if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs request a judgment under 42 U.S.C. § 1983 and 1988 against each Police Officer Defendants in their individual capacity, for compensatory damages in a fair and reasonable amount, for punitive

damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiffs pray for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT II
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTH AMENDMENT
## AGAINST DEFENDANT CITY
## FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

52.     Plaintiffs re-allege their prior allegations.

### COMPENSATORY DAMAGES
### 1ST ALTERNATIVE BASIS OF MUNICIPAL LIABILITY
### DELEGATION TO INDIVIDUAL DEFENDANT

53.     As the first alternate basis for liability against Defendant City, the policy maker for Defendant City, the mayor, or someone else, and that person delegated full authority and/or empowered the individual Defendants' policy.

54.     That delegation of authority by the actual policy maker of Defendant City placed the individual Defendants in a policy making position, and the acts of the individual Defendants may fairly be said to be those of the municipality.  *Id*. at 483, and *Kujawski v. Board of Com'rs of Bartholomew County, Ind*., 183 F.3d 734, 737 (7th Cir. 1999).

55.     Those acts therefore subject Defendant City to liability for the constitutional violations of the individual Defendants.  *Id*. at 483; *Kujawski*

*v. Board of Com'rs of Bartholomew County, Ind.*, 183 F.3d 734, 737 (7th Cir. 1999).

## 2ND ALTERNATIVE BASIS OF MUNICIPAL LIABILITY – FAILURE TO TRAIN, SUPERVISE, CONTROL

56.     As the second alternative basis for liability against Defendant City, Defendant City failed to properly hire, train, supervise, control and/or discipline the Police Officer Defendants with respect to encounters with dogs such as Plaintiffs' dog, who live throughout the City.

57.     Defendant City was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline the Police Officer Defendants such that those failures reflected a deliberate or conscious choice by Defendant City made from among various alternatives. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

58.     Those deficiencies were the moving force that caused Plaintiffs' damages. *Larson By Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996).

59.     In light of the fact that it was the Police Officer Defendants who engaged in the constitutional violations, the need to correct the deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant City

can reasonably be said to have been deliberately indifferent to the need. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996).

60.   If Defendant City had properly hired, trained, supervised, controlled and/or disciplined the Police Officer Defendants, the constitutional violations that the Police Officer Defendants committed would not have occurred.

61.   These failures by Defendant City to hire, train, supervise, control and/or discipline the Police Officer Defendants subject Defendant City to liability for the constitutional violations committed by the Police Officer Defendants.

62.   On information and belief, Defendant City had no policy or training in place in how to constitutionally handle encounters with dogs, which was evident in the Police Officer Defendants' egregious actions alleged herein.

63.   Such training was at all relevant times available online at no cost to Defendant City.

64.   Defendant City has had notice of the availability of the no cost online police officer training yet has not taken any efforts to provide such training to it's police officers.

## COMPENSATORY DAMAGES

65.    Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant City.

### ATTORNEY'S FEES

66.    Under 42 U.S.C. § 1988 if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

THEREFORE, Plaintiffs request a judgment under 42 U.S.C. § 1983 and 1988 against Defendant City for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT III
### CONVERSION

67.    Plaintiffs repeat their prior allegations.

68.    "Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Thoma v. Tracy Motor Sales, Inc.,* 360 Mich. 434, 438, 104 N.W.2d 360 (1960)(quoting *Nelson & Witt v. Texas Co.,* 256 Mich 65, 70)).

69.    The Police Officer Defendants' summary execution of Plaintiffs' dog was a distinct act of dominion wrongfully exerted over Plaintiffs' dog in denial of or inconsistent with Plaintiffs' rights.

THEREFORE, Plaintiffs request relief under applicable law or in equity, including, without limitation, a judgment and an award of statutory treble damages and all reasonable costs, interest and attorney fees. M.C.L. § 600.2919a.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70.    Plaintiffs incorporate their prior allegations.

71.    The Police Officer Defendants' conduct described herein was extreme and outrageous conduct because it was beyond all possible bounds of decency and could be regarded as atrocious and utterly intolerable in a civilized community and would (and in fact has) cause an average member of the community would . . . exclaim, "Outrageous!"

72.    The Police Officer Defendants' actions described herein were intentional or reckless.

73.    The Police Officer Defendants' actions caused Plaintiffs severe emotional distress so severe that no reasonable person could be expected to endure it, including without limitation, severe horror, grief and anger over the loss of Plaintiffs' dog, nausea, inability to eat, loss of sleep, inability to concentrate, concern and fear for their safety. *Haverbush v. Powelson*, 217 Mich. App. 228, 234-35 (1996).

THEREFORE, Plaintiffs request a judgment for damages, exemplary damages, reasonable attorneys' fees and costs and any other relief that the Court deems just and equitable.

Respectfully submitted,

Olson PLLC


s/Christopher S. Olson_____
Christopher S. Olson (P58780)
32121 Woodward Avenue
Suite 300
Royal Oak, Michigan 48073
(248) 672-7368
(248) 415-6263 Facsimile
colson@olsonpllc.mygbiz.com
*Attorneys for Plaintiffs*

August 25, 2016
Detroit, Michigan

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action of all issues so triable.

Respectfully submitted,

OLSON PLLC

s/Christopher S. Olson_____
Christopher S. Olson (P58780)
32121 Woodward Avenue
Suite 300
Royal Oak, Michigan 48073
(248) 672-7368
(248) 415-6263 Facsimile
colson@olsonpllc.mygbiz.com
*Attorneys for Plaintiffs*

August 25, 2016
Detroit, Michigan