District Court
Eastern District Of Michigan
Southern Division

---

Hazell Hayes And
Melvin Short,

        Plaintiffs,

vs.

City Of Detroit, And
Police Officer John Does No. 1 - 6,

        Defendants.

Case No. 16-14098
Hon: John Corbett O'Meara

---

| | |
|---|---|
| Christopher S. Olson (P-58780) | James D. Noseda (P-52563) |
| Attorney For Plaintiff | Attorney for Defendant City |
| 32121 Woodward Avenue, Suite 300 | 2 Woodward Avenue, Suite 500 |
| Royal Oak, MI 48073 | Detroit, MI 48226 |
| (248) 672-7368 | (313) 237-505 |
| colson@olsonpllc.com | nosej@detroitmi.gov |

---

Answer To Complaint On Behalf Of City Of Detroit

Defendant, City of Detroit, for its answer to plaintiffs' complaint, states as follows:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3. Defendant denies that 28 U.S.C. §1341 is applicable and admits the other allegations contained therein.

4. Admit.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6. Admit.

7. Denied. There are no police officer defendants, just placeholder John Does.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

12. Upon information an belief, on June 23, 2016, a Detroit Police Department police narcotics crew executed a search warrant at 18601 Moenart, Detroit MI, 48234. Except as stated herein, defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations.

13. Upon information and belief, a police officer lawfully and reasonably shot and killed a dog during the execution of the search warrant. Except as stated herein, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

20. Admit only that a police officer shot and killed a dog while executing a search warrant at 18601 Moenart. Except as stated herein, defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

21. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

22. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

23. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

24. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

25. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

26. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

27. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

28. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

## Count I

29. Defendant re-alleges and incorporates by reference each and every answer to paragraphs 1 through 29 of Plaintiff's complaint with the same force and effect as though set forth herein below.

30. Admit only that this paragraph paraphrases language of the 4th Amendment.

31. Defendant refers to the cited cases for their true meaning and content. Further answering this paragraph, defendant lacks knowledge or information

sufficient to form a belief about the truth of the allegations.

32. Defendant refers to the cited cases for their true meaning and content. Further answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

33. Defendant refers to the cited cases for their true meaning and content. Further answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

34. Defendant refers to the cited cases for their true meaning and content. Further answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

35. Defendant refers to the cited cases for their true meaning and content. Further answering this paragraph, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

36. Defendant refers to the cited cases for their true meaning and content. Further answering this paragraph, defendant denies that the dog did not pose an imminent threat, denies that the officers were not surprised by the presence of the dog, and denies that they had time to make alternate plans.

37. Admit that officer's executing a search warrant involving narcotics are forced to make split second judgments in circumstances that are tense, uncertain and rapidly evolving. Defendant refers to the cited cases for their true meaning

and content. Except as stated herein, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

39. Denied.

40. Defendant refers to the cited case for its true meaning and content. Except as stated herein, denied.

41. Denied.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

43. Defendant refers to the cited case for its true meaning and content. Except as stated herein, denied.

44. Denied. There are no individual defendants.

45. Defendant refers to the cited case for its true meaning and content. Except as stated herein, denied.

46. Denied. There are no defendant officers named in the complaint.

47. Denied. There are no defendant officers named in the complaint.

48. Denied. Further answering this paragraph, defendant asks that paragraph 60 of plaintiff's complaint be stricken as the referenced settlement is barred by the FRE 403 and 408.

49. Denied.

50. Denied.

51. Defendant refers to the cited statute for its true meaning and content. Except as stated herein, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## Count II

52. Defendant re-alleges and incorporates by reference each and every answer to paragraphs 1 through 51 of Plaintiff's complaint with the same force and effect as though set forth herein below.

53. Denied.

54. Defendant refers to the cited cases for their true meaning and content. Except as stated herein, denied.

55. Defendant refers to the cited cases for their true meaning and content. Except as stated herein, denied.

56. Denied.

57. Defendant refers to the cited cases for their true meaning and content. Except as started herein, denied.

58. Defendant refers to the cited case for its their true meaning and content. Except as stated herein, denied.

59. Defendant refers to the cited case for its their true meaning and content.

Except as stated herein, denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

64. Denied.

65. Denied.

66. Defendant refers to the cited statute for its true meaning and content. Except as stated herein, denied.

## Count III and Count IV

67. through 73. No answer required. These counts have been dismissed.

WHEREFORE, defendant, City of Detroit respectfully requests this honorable court enter judgment of no cause for action, and award attorney fees and costs so wrongfully incurred.

## Reliance On Demand For Jury Trial

Defendant hereby relies on Plaintiff's demand for a trial by jury in the above captioned matter.

## Affirmative Defenses

1. The plaintiff has failed to state a claim against defendant upon which relief can be granted.

2. Any injury suffered by the plaintiffs was proximately caused by their own conduct and/or the conduct of third parties.

3. Plaintiffs failed to mitigate their damages.

4. Defendant City did not have or otherwise adopt any customs, policies and/or procedures which caused or otherwise were the moving force behind any constitutional violations alleged in plaintiff's complaint, nor did any such alleged customs, policies and/or procedures originate from a decision maker with final policy making authority.  Further, defendant did not ratify, accept and/otherwise condone any constitutional violations alleged in plaintiff's complaint.  Finally, defendant did not act with deliberate indifference as to known or obvious consequences with respect to the activities alleged in plaintiff's complaint and/or as to any constitutional violations, nor is there any widespread practice of constitutional violations and/or failure to take corrective action regarding the same.

5. To the extent, if any, that this defendant or anyone acting at the direction of or in concert with this defendant used force against plaintiffs and/or their dogs, each such use of force was privileged and lawful because the force was

reasonably applied in the execution of a lawful arrest, in the lawful performance of other police duties and in self-defense.

## Reservation Of Additional Defenses

Defendant in the above captioned matter, by and through counsel, reserve the right to assert and file any affirmative and special defense which may become known by discovery proceedings in accordance with the rules and practices of this Court. Further, defendant does not waive any deficiency or omission in any pleadings filed by any other party to this suit regardless of when filed.

                                            City of Detroit,

                                        By: /s/James D. Noseda
                                               James D. Noseda
                                               City of Detroit Law Department
                                               2 Woodward Avenue, Suite 500
                                               Detroit, MI 48226
                                               (313) 237-3057
                                               nosej@detroitmi.gov
                                               P52563

Date:  October 20, 2016

<u>Certificate of Service</u>

    I hereby certify that on October 20, 2016, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record with the court.

<u>/s/ James D. Noseda</u>