UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAZELL HAYES and
MELVIN SHORT,

    Plaintiffs,

v.

CITY OF DETROIT,

    Defendant.
_____/

Case No. 16-13098

Hon. John Corbett O'Meara

# OPINION AND ORDER GRANTING
# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court are Defendant's motion for summary judgment, filed June 29, 2017, and Plaintiff's motion to amend complaint, filed July 24, 2017. The court heard oral argument on October 12, 2017, and took the matter under advisement. For the reason explained below, Defendant's motion is granted and Plaintiff's motion is denied.

## BACKGROUND FACTS

Plaintiffs Hazell Hayes and Melvin Short filed a complaint against the City of Detroit under 42 U.S.C. § 1983 to recover for the seizure of their dog, Penny. In their complaint, Plaintiffs also list several "John Doe" police officers as defendants. Plaintiffs seek to amend their complaint to add Officer Lamar

Williams, who shot Penny during a search of Plaintiffs' home. The City opposes Plaintiff's motion to amend and seeks summary judgment.

Plaintiff Hayes is a student and employee at Wayne County Community College. She and Plaintiff Short leased a home at 18601 Moenart Street, Detroit, Michigan, from Marion Rutland. The lease between Plaintiffs and Rutland contained a "no pets" clause, but Rutland made an exception for Penny, so long as Penny was kept confined to the side door landing area when Plaintiffs were not home. Hayes testified that they always chained Penny, a pit bull, when they were not home.

On June 23, 2016, Plaintiff Hayes secured Penny to a two-foot chain on the side door landing of her home before she left for school. The chain confined Penny to the side door landing area below the kitchen and prevented her from entering the kitchen. Rutland saw Hayes take Penny into the house on the morning of June 23. When Hayes left for school, Penny was chained to the side door landing, Short was at work, and the only other occupant, Short's daughter, was also at school.

That day, Detroit police officers raided Plaintiffs' home in the mistaken belief that it was a drug house. The officers did not have information that a dog lived in the home. Williams Dep. at 40. As officers secured the house, Officer

Williams "peeked around the corner" and "observed the pit bull," which was "one or two feet" away from him. Id. at 31, 35. The dog was approximately forty or fifty pounds and prevented Williams from entering the basement to secure it. Id. at 50, 63-64. Williams testified that the dog "growled," "showed its teeth," and "proceeded up the step." Id. at 32. According to Williams, the dog approached him in "an aggressive manner." Id. "It proceeded up the first step, which is when I fired the shot." Id. Williams testified that he did not see a chain confining Penny to the side landing area. Id. at 59-60 ("There was no chain or anything restricting it from moving."). Penny died immediately after the shooting.

## LAW AND ANALYSIS

**I.   Standard of Review**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## II. **Fourth Amendment Violation**

The Sixth Circuit has held that "a dog is property, and the unreasonable seizure of that property is a violation of the Fourth Amendment." Brown v. Battle Creek Police Dep't, 844 F.3d 556, 566 (6th Cir. 2016). "Reasonableness is the touchstone of any seizure under the Fourth Amendment." Id. at 567 (citation omitted). "[A] police officer's use of deadly force against a dog while executing a warrant to search a home for illegal drug activity is reasonable under the Fourth Amendment when, given the totality of the circumstances and viewed from the perspective of an objectively reasonable officer, the dog poses an imminent threat to the officer's safety." Id.

As the Sixth Circuit has emphasized, "[t]his analysis allow[s] for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation. The task of this [C]ourt is to put itself into the shoes of the officers at the time the actions took place and to ask whether the actions taken by the officers were objectively unreasonable." Brown, 844 F.3d at 567-68 (citations omitted).

Here, Officer Williams testified that he made split-second determination that

Penny posed an imminent threat to his safety. The pit bull approached him in close quarters, growling and baring her teeth. Although Hayes testified that she left the dog chained, there is no evidence that Officer Williams actually observed the chain or that he had the time or ability to do so. Nor is there evidence that Officer Williams should have known in advance that the dog was present, so that he could have arranged to deal with the dog in a non-lethal or less intrusive manner. See Brown, 844 F.3d at 570-71.

Viewing the totality of the circumstances, the court finds that it was objectively reasonable for Officer Williams to believe that the dog posed an imminent threat to his safety. Because Officer Williams acted reasonably, Plaintiffs cannot sustain their Fourth Amendment claim.[1] In addition, because Plaintiffs cannot demonstrate a constitutional violation, they also cannot establish municipal liability on the part of the City of Detroit. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). The court will grant Defendant's motion for

---

[1] Because Officer Williams's liability has been litigated and briefed by the parties, the court has considered the issue as if Officer Williams were named as a defendant. The court finds no prejudice to Defendant or other substantive basis to deny Plaintiffs leave to amend. Given the court's conclusion that Plaintiffs have not shown a constitutional violation, however, it is unnecessary for Plaintiffs to formally amend their complaint at this time.

summary judgment.[2]

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to amend complaint is DENIED AS MOOT.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  October 24, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 24, 2017, using the ECF system.

                                        s/William Barkholz
                                        Case Manager

---

[2] The court leaves Defendant's alternative argument – that Plaintiffs did not have a legitimate property interest in their unlicensed dog – for another day.  See Smith v. City of Detroit, Case No. 16-11882 (E.D. Mich. Aug. 2, 2017).